UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MOISES FLORES-ARTEAGA, | ) | CASE NO. C05-872-RSL-MJB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| MICHAEL CHERTOFF, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

On May 10, 2005, petitioner Moises Flores-Arteaga filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging a final order of removal issued by the Board of Immigration Appeals ("BIA") on May 4, 2005. (Dkt. #1). At the same time, petitioner filed a request for stay of removal pending a decision in this matter. (Dkt. #1). Petitioner asserts in his habeas petition a number of legal issues, including whether the BIA committed legal error by basing its decision on an incorrect definition of "sexual intercourse" under the Revised Code of Washington, and whether the BIA violated his right to due process by remanding his case for the entry of a removal order without allowing him the opportunity to present new evidence.

On May 19, 2005, respondents filed an opposition to petitioner's request for stay of

ORDER FOR SERVICE AND
RETURN TO HABEAS PETITION
PAGE -1

removal and a motion to transfer the case to the Ninth Circuit Court of Appeals. (Dkt. #6). The basis of respondents' motion is that such transfer is required by Section 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, enacted on May 11, 2005. Respondents contend that under the REAL ID Act, the District Court no longer has jurisdiction, habeas or otherwise, to review any removal order for any alien, and therefore, opposes an entry of a stay of removal. (Dkt. #6 at 1). Petitioner does not object to this Court transferring his habeas petition to the Ninth Circuit Court of Appeals. However, petitioner argues that the District Court's authority to stay his removal pending transfer has not been eliminated by the REAL ID Act.

Having carefully reviewed the entire record, I recommend that petitioner's request for a temporary stay of removal (Dkt. #1) be GRANTED, respondents' motion to transfer (Dkt. #6) be GRANTED, and this case be transferred to the Ninth Circuit Court of Appeals as a Petition for Review.

## TRANSFER OF JURISDICTION

On May 11, 2005, the President signed into law the REAL ID Act of 2005. Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). Under Section 106(a)(1)(B) of the REAL ID Act, two new paragraphs (4 and 5) were added to 8 U.S.C. § 1252(a). Paragraph 5 of 8 U.S.C. § 1252(a) has particular relevance to this case; it provides:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(B)). This

ORDER FOR SERVICE AND
RETURN TO HABEAS PETITION
PAGE -2

01 provision explicitly deprives this Court of jurisdiction under 28 U.S.C. § 2241 to review an

02 order of removal entered under the Immigration and Nationality Act. Moreover, Section

03 106(b) of the REAL ID Act explicitly provides that Section 106(a) is retroactive: "subsection

04 (a) shall take effect upon the date of enactment of this division and shall apply to cases in

05 which the final administrative order of removal, deportation, or exclusion was issued before,

06 on, or after the date of enactment." Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005)

07 (Division B, Section 106(a)(B)). In this action, Petitioner seeks judicial review of a final

08 administrative order of removal. Accordingly, under the REAL ID Act, this Court no longer

09 has jurisdiction to entertain this action.

10       The REAL ID Act specifies that if any § 2241 habeas corpus case challenging a final

11 administrative order of removal, deportation, or exclusion is pending in a district court on the

12 date of enactment, "then the district court shall transfer the case (or any part of the case that

13 challenges the order of removal ...) to the [appropriate] court of appeals." Pub. L. No.

14 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(c)). Accordingly, this action

15 should be transferred to the United States Court of Appeals for the Ninth Circuit.

16       The REAL ID Act, however, did not include any change to the stay provision of INA §

17 242. Therefore, this Court retains jurisdiction to issue a temporary stay of removal pending a

18 determination on transfer. *Maharaj v. Ashcroft,* 295 F.3d 963 (9th Cir. 2002); *Andrieu v.*

19 *Ashcroft*, 253 F.3d 477, 479 (9th Cir. 2001)(en banc)(holding that 8 U.S.C. § 1252(f)(2) does

20 not limit the power of federal courts to grant a stay of removal). The standard of review for a

21 stay of removal is set forth in *Abassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998). Under *Abassi*,

22 petitioner must show either: (1) a probability of success on the merits and the possibility of

23 irreparable injury, or (2) that serious legal questions are raised and the balance of hardships tips

24 sharply in petitioner's favor. *Abassi*, 143 F.3d at 514. The Court finds that petitioner meets

25 the second prong.

26

ORDER FOR SERVICE AND
RETURN TO HABEAS PETITION
PAGE -3

01       Petitioner alleges that the BIA committed legal error by basing its decision on an
02 incorrect definition of "sexual intercourse" under the Revised Code of Washington, and that
03 the BIA violated his right to due process by remanding his case for the entry of a removal
04 order without allowing him the opportunity to present new evidence. (Dkts. #1, #8 at 7-8).
05 These claims arguably raise serious legal questions, and the balance of hardships tips sharply in
06 petitioner's favor.  Petitioner has resided in the United States for over 30 years, is married to a
07 United States citizen, and has lawful permanent resident children.  Petitioner's wife and
08 daughter have serious medical needs, and are dependent on petitioner for financial support.
09 *See Andrieu*, 253 F.3d at 484 (finding that important factors in considering whether a
10 petitioner will suffer hardship include separation from family members, medical needs, and
11 potential economic hardship).  Accordingly, this Court finds that petitioner's removal from the
12 United States should be stayed to permit him to renew his motion for stay of removal in the
13 court of appeals.

14                                    CONCLUSION

15       For the foregoing reasons, I recommend that respondents be enjoined from removing
16 petitioner from the United States pending further order of the United States Court of Appeals
17 for the Ninth Circuit, and that this case be transferred to the Ninth Circuit as a Petition for
18 Review pursuant to Section 106(c) of the REAL ID Act.  A proposed Order accompanies this
19 Report and Recommendation.
20       DATED this 9th day of June, 2005.

                                                   _____
                                                   MONICA J. BENTON
                                                   United States Magistrate Judge

ORDER FOR SERVICE AND
RETURN TO HABEAS PETITION
PAGE -4